B. & O. RD. CO. v. METZ.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Dec. 19, 1927.

Syllabus by Editorial Staff.

301. CONTRIBUTORY NEGLIGENCE—829. Negligence —793. Motor Vehicles.

Where slow moving truck is struck, on blind crossing, question of negligence is one for jury.

Error to Common Pleas.

Judgment affirmed.

Tolles, Hogsett & Ginn, Cleveland, for Railroad Co.

M. C. Harrison and Thos. Stevenson, Cleveland, for Metz.

STATEMENT OF FACTS.

The parties in this error proceeding stood in the reverse order in the court below and will be referred to herein as in the relation they therein stood.

The plaintiff Metz, on March 27, 1925, was the owner of a White truck that was being operated, by his driver, towards Cleveland, and, after leaving Toledo and as he was about to enter the village of Monroeville, he came to a railroad crossing of the Baltimore & Ohio Railroad Co., and a collision occurred which practically destroyed the truck.

SULLIVAN, PJ.

"Reviewing the record to ascertain whether the plaintiff was guilty, as a matter of law, of contributory negligence, under the holdings in Ohio, we have come to the conclusion that the record does not sustain that claim. It appears from the facts plaintiff was driving slowly and exercising all caution necessary to warn him of an approaching train. He was driving slowly after having stopped at a gasoline station close to the intersection, and by reason of cars on side tracks, other obstructions and the curving to the west of the railway itself, it was impossible for him to see the train approaching the station, and there is credible evidence to show that, had he stopped the truck immediately before attempting to cross the railroad tracks, the obstructions and the curving of the railroad would have obstructed his view, which was short, between the sharp curve and the intersection, so that after he returned to the truck and assumed his station as driver and started his machine, the engine of the train might have reached the intersection, before he had opportunity to save himself or the truck.

We do not think, under circumstances of this character, that there was contributory negligence as a matter of law, and we think that the facts, as exposed in the record, were such as made it a jury question, and, the same having been submitted to that tribunal, it is our judgment that we are bound by the result in the face of the record.

Holding these views, the judgment of the lower court is hereby affirmed."

(Levine and Vickery, JJ., concur.)